UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHNNY PARTIDA, *et al.*,<br><br>　　　　　　　　　　Plaintiffs,<br>　　v.<br>FBI, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 3:21-cv-00346-MMD-WGC<br><br>ORDER |

*Pro se* Plaintiffs Johnny Partida and Amber Fuchslin bring this action under 42 U.S.C. § 1983. (ECF No. 1-1 ("Complaint").) Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge William G. Cobb (ECF No. 5), recommending the Court dismiss this action without prejudice. Partida and Fuchslin had until September 30, 2021, to file an objection. (*Id*. at 2.) To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R, and will dismiss the action without prejudice.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

///

Because there is no objection, the Court need not conduct de novo review, and is satisfied Judge Cobb did not clearly err. Judge Cobb recommends that the Court dismiss this action without prejudice because Fuchslin failed to file an application to proceed *in forma pauperis* ("IFP") within 30 days and Fuchslin and Partida failed with submit a complaint with both of their signatures, in compliance with this Court's August 11, 2021, order. (ECF Nos. 4, 5.) LR IA 11-8 states that "[t]he court may, after notice and an opportunity to be heard, impose any and all appropriate sanctions on an attorney or party who: . . . (e) [f]ails to comply with an order of this court." The complaint listed Partida and Fuchslin as Plaintiffs, but only Partida signed the document, and only Partida filed an IFP application. (ECF Nos. 1, 1-1.) Because Partida did not provide any information indicating that he is an attorney who is admitted to practice in Nevada or any other state, the Court informed Plaintiffs that Partida may not initiate a civil complaint or submit an IFP application on Fuchslin's behalf. (ECF No. 4 at 1.) *See* Fed. R. Civ. P. 11(a) (stipulating that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented."). To date, Partida and Fuchslin have not submitted a complaint with both of their signatures and Fuchslin has not submitted an IFP application. Thus, the Court agrees with Judge Cobb and will adopt the R&R in full.

It is therefore ordered that Judge Cobb's Report and Recommendation (ECF No. 5) is accepted and adopted in full.

It is further ordered that this action is dismissed without prejudice based on Partida and Fuchslin's failure to file a complaint that has both of their signatures and Fuchslin's failure to file an application to proceed *in forma pauperis*, in compliance with this Court's August 11, 2021, order. (ECF No. 4.)

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 5th Day of October 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

2